■ In the Matter of ALFRED TEETSEL against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York.— Motion to dismiss proceeding granted, by default, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

### (November 26, 1957)

■ In the Matter of the Claim of NICHOLAS FERENCZ, Respondent, against NOMA ELECTRIC CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court handed down November 15, 1957 (ante, p. 974) with respect to disbursements is vacated and set aside and the following decision is substituted therefor: Motion for an order directing payment of disbursements to appellant, the State Insurance Fund, by the Workmen's Compensation Board, granted, and upon such payment the appeal is dismissed, as academic. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ In the Matter of the Claim of GORDON D. SPRAGUE et al., Respondents. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Motion for an order nunc pro tunc appointing Allen M. Light, Esq., as attorney for the claimants-respondents in the above-entitled unemployment insurance matter. Motion granted and disbursements are fixed at the sum of $40 and the fees for services rendered are fixed at $150. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur. [See ante, p. 911; 5 A D 2d 712.]

■ In the Matter of the Claim of KATHERINE BARNES, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Motion for an order nunc pro tunc appointing Cooper, Ostrin & De Varco, Esqs., as attorneys for the claimant-respondent in the above-entitled unemployment insurance matter. Motion granted and disbursements are fixed at the sum of $50 and the fees for services rendered are fixed at $150. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ HAZEL SHAMBACH, Plaintiff, v. HAROLD L. SHAMBACH, Defendant.— Motion to vacate stay granted at Special Term. On reargument we construe the stay in the order of the Special Term of July 31, signed October 9, 1957, as an order granted on notice and containing the ex parte stay of February 23. The outstanding stay is presently not ex parte and relief from its terms in this court must be pursued by appeal and not by motion. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur. [See ante, p. 996.]